IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION


UNITED STATES OF AMERICA    )
                            )
        v.                  )    Crim. Action No.
                            )      2:93cr310-MHT
ROSA MAE SMILEY WILLIAMS    )


OPINION AND ORDER

This criminal matter is again before the court, this
time on a pleading styled as "Petitioner's Audita Querela
Motion to Review Sentence Pursuant to Intervening Change
of Law," filed by defendant Rosa Mae Smiley Williamson
June 8, 2007.[1]  In her motion, Williams challenges the

_____

    1.  Although the motion is date-stamped "received" on
June 14, 2007, it was signed by Williams on June 8, 2007.
A pro se inmate's petition is deemed filed on the date it
is delivered to prison officials for mailing.  Houston v.
Lack, 487 U.S. 266, 271-72 (1988); Adams v. United
States, 173 F.3d 1339, 1340-41 (11th Cir. 1999).  "Absent
evidence to the contrary in the form of prison logs or
other records, [this court] must assume that [Williams's
motion] was delivered to prison authorities the day [she]
signed it."  Washington v. United States, 243 F.3d 1299,
1301 (11th Cir. 2001).  In light of the foregoing and
without any contradictory evidence, the court assumes
                                      (continued...)

sentence of imprisonment imposed upon her by this court
in 1994 for conspiracy to distribute a controlled
substance.  Upon review of Williams's motion, the court
concludes that she is entitled to no relief.

Williams asks this court to vacate her sentence on
the basis of what she contends are violations of the
principles of Blakely v. Washington, 542 U.S. 296 (2004),
and United States v. Booker, 543 U.S. 220 (2005).[2]
Specifically, she argues that this court's application of
the Federal Sentencing Guidelines to enhance her offense

---

1.  (...continued)
that June 8, 2007, should be considered the date of
filing for Williams's motion.

2.  In Blakely, the Supreme Court, in considering
Washington State's sentencing-guideline scheme, held
that, for purposes of satisfying the Sixth Amendment, any
fact (except for the fact of a prior conviction)
increasing the penalty for a crime must be admitted by
the defendant or submitted to a jury and proved beyond a
reasonable doubt.  542 U.S. at 303.  In Booker, the
Supreme Court expressly applied Blakely's reasoning to
the Federal Sentencing Guidelines and held that, in order
to pass constitutional muster, the federal guidelines
must be considered as "effectively advisory" rather than
mandatory.  543 U.S. at 258-59.

level based on specific-offense characteristics constituted judicial fact-finding in violation of her Sixth Amendment right as set forth by the United States Supreme Court in <u>Blakely</u> and <u>Booker</u>.  Williams's motion attacks the fundamental legality of her sentence.  The law is settled that 28 U.S.C. § 2255 is the exclusive remedy for challenging the validity of a conviction and sentence, unless the remedy by such motion is inadequate or ineffective.  <u>Lane v. Hanberry</u>, 601 F.2d 805 (5th Cir. 1979); <u>see also</u> <u>Bradshaw v. Story</u>, 86 F.3d 164, 166 (10th Cir. 1996.[3]

Williams's motion is clearly an attempt to circumvent the limitations on habeas petitions instituted by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), specifically the one-year period of limitation contained in 28 U.S.C. § 2255 ("A 1-year period of

---

[3].   In <u>Bonner v. Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit Court of Appeals adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

limitation shall apply to a motion under this section"),
and the gatekeeping provision on successive petitions
contained in 28 U.S.C. § 2244(b)(3)(A) ("Before a second
or successive [28 U.S.C. § 2255 motion] ... is filed in
the district court, the applicant shall move in the
appropriate court of appeals for an order authorizing the
district court to consider the application").  Williams
has previously filed a § 2255 motion for habeas corpus
relief in this court: <u>United States v. Williams</u>, Crim.
Action No. 2:93cr310-MHT (Doc. No. 1412).  That motion,
filed on October 19, 2000, was dismissed with prejudice
by final order entered September 18, 2002.[4]  The pleadings

_____

     4.  Crim. Action No. 2:93cr310-MHT (Doc. No. 1522).
The court also notes that, in addition to the instant
motion and the § 2255 motion filed on October 19, 2000,
Williams has filed two other motions (one of which,
similar to the instant motion, was styled as a "Petition
for Writ of <u>Audita Querela</u>") attacking her sentence.
Crim. Action No. 2:93cr310-MHT (Doc. No. 1538); <u>Williams
v. United States</u>, Civil Action No. 2:05cv406 (M.D. Ala.)
(Doc. No. 2).  As is the case with the instant motion,
this court deemed the previous motions filed by Williams
to be the functional equivalents of 28 U.S.C. § 2255
motions, and the motions were denied on grounds that they
                                            (continued...)

now before this court reflect that Williams has not received the requisite order from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.  Moreover, because Williams's conviction became final by operation of law in November 1999, when the United States Supreme Court denied certiorari on her direct appeal, the one-year period of limitation expired in November 2000.  Thus, a § 2255 claim would also be time-barred.

"Federal courts have long recognized that they have an obligation to look behind the label of a motion filed by a <u>pro se</u> inmate and determine whether the motion is, in effect, cognizable under a different remedial statutory framework." <u>United States v. Jordan</u>, 915 F.2d 622, 624-25 (11th Cir. 1990).  The "inadequate or ineffective" savings clause of § 2255 does not allow

_____

4.  (...continued)
were filed without the requisite appellate court authorization for the filing of a successive § 2255 motion.  Crim. Action No. 2:93cr310-MHT (Doc. No. 1539); Civil Action No. 2:05cv406 (Doc. No. 7).

Williams to escape the gatekeeping provisions of AEDPA merely by characterizing her motion as one for the common law writ of <u>audita querela</u>.  <u>See United States v. Holt</u>, 417 F.3d 1172, 1175 (11th Cir. 2005) (a writ of <u>audita querela</u> will not be granted when the relief sought is cognizable under 28 U.S.C. § 2255, and such a motion shall be construed as one made pursuant to § 2255).  The Eleventh Circuit has determined that the "inadequate or ineffective" savings clause of § 2255 applies to a claim when: (1) that claim is based upon a retroactively applicable Supreme Court decision; (2) the holding of that Supreme Court decision establishes the the petitioner was convicted for a nonexistent offense; and (3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion. <u>Wofford v. Scott</u>, 177 F.3d 1236, 1244 (11th Cir. 1999). This is not true of Williams's claim.

6

Even if this court could entertain Williams's motion, she would not prevail on the merits of her claim.  The Eleventh Circuit Court of Appeals has held that neither Blakely nor Booker is retroactively applicable to cases on collateral review.  See Varela v. United States, 400 F.3d 864, 866-67 (11th Cir. 2005); In re Anderson, 396 F.3d 1336, 1339-40 (11th Cir. 2005).

Because Williams seeks relief from this court which is appropriate only under 28 U.S.C. § 2255, this court construes her motion as the functional equivalent of a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255.  As noted above, Williams has not received certification from the Eleventh Circuit Court of Appeals authorizing this court to consider a successive § 2255 motion.  A district court lacks the jurisdiction to consider a successive § 2255 motion where the movant fails to obtain permission from the appellate court to file a successive motion.  E.g., Farris v. United States, 333 F.3d 1211, 1216 (11th Cir. 2003); Boone v. Secretary,

7

<u>Dept. of Corrections</u>, 377 F.3d 1315, 1317 (11th Cir. 2004). Accordingly, this court lacks the jurisdiction to consider Williams's present motion.

For these reasons, it is ORDERED that defendant Rosa Mae Smiley Williams's <u>audita querela</u> motion to review sentence pursuant to intervening change of law, filed June 8, 2007 (Doc. No. 1597), is denied.

DONE, this the 31st day of July, 2007.


_____/s/ Myron H Thompson_____
UNITED STATES DISTRICT JUDGE